UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMEN VIEW TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADICIO, INC., ADVANCED MAGAZINE PUBLISHERS INC., and PENTON MEDIA, INC.,<br><br>Defendants. | No.  13 CV 3386<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS ADICIO, INC., ADVANCE MAGAZINE PUBLISHERS INC. AND PENTON MEDIA, INC.'S ANSWER TO COMPLAINT

Defendant Adicio, Inc. ("Adicio"), defendant Advance Magazine Publishers Inc. ("AMP"), and defendant Penton Media, Inc. ("Penton") (collectively "Defendants"), by and through their undersigned attorneys, hereby respond to the Complaint of plaintiff Lumen View Technology LLC ("Lumen" or "Plaintiff") and assert affirmative defenses thereto as follows:

### PARTIES

1.  Defendants admit that Lumen has asserted that it is a limited liability company organized and existing under the laws of Delaware.

2.  Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  Defendants admit that allegations contained in paragraph 3 of the Complaint.

4.  Defendants admit that allegations contained in paragraph 4 of the Complaint.

## NATURE OF THE ACTION

5. Defendants admit that the Complaint purports to allege a civil action for patent infringement arising under the patent laws of the United States, and more specifically, under Title 35, United States Code § 1 *et seq*.

## JURISDICTION AND VENUE

6. Defendants admit that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a). Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 6 of the Complaint.

7. Defendants admit that each of them has registered with New York State's Department of State, Division of Corporations. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 7 of the Complaint.

8. Defendants admit that each of them conducts business in the United States. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 8 of the Complaint.

9. Defendants admit that venue is proper in the Southern District of New York. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 9 of the Complaint.

## THE PATENT-IN SUIT

10. Defendants incorporate by reference their responses to paragraphs 1 through 9 as though fully set forth herein.

11. Defendants admit that U.S. Patent No. 8,069,073 (the "'073 Patent") is titled "System and Method for Facilitating Bilateral and Multilateral Decision-Making" and bears an issuance date of November 29, 2011. Defendants further admit that what purports to be a copy

'073 Patent was attached to Lumen's Complaint as Exhibit A. Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 11, and therefore Defendants deny them on that basis.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore Defendants deny them on that basis.

## COUNT I – PATENT INFRINGEMENT

13. Defendants incorporate by reference their responses to paragraphs 1 through 12 as though fully set forth herein.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

23. Defendants deny that Lumen is entitled to judgment or to any of the relief requested in paragraphs "A" through "E" of the prayer for relief in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

24. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

25. The '073 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, 112 and 116.

### Third Affirmative Defense

26. Defendants have not infringed and do not infringe, either directly or indirectly, any of the claims of the '073 Patent, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense

27. Lumen is estopped, by virtue of cancellations, amendments, representations, and concessions made to the United States Patent and Trademark Office (the "USPTO") during the prosecution of the '073 Patent or the prosecution of any applications for patents from which it claims priority, from construing any claims of the '073 Patent to have been infringed by Defendants.

### Fifth Affirmative Defense

28. To the extent that Lumen does not own all the rights to the '073 Patent, the Complaint must be dismissed for lack of standing.

### Sixth Affirmative Defense

29. Lumen's claims for relief are barred by the doctrines of acquiescence, estoppel, laches, waiver, prosecution laches and/or other applicable equitable doctrines.

### Seventh Affirmative Defense

30. Lumen's claims for relief are barred due to the doctrine of unclean hands.

### Eighth Affirmative Defense

31. Lumen's claim for damages, if any, against Defendants for alleged infringement of the '073 Patent is limited by 35 U.S.C. §§ 286, 287 and 288.

### Ninth Affirmative Defense

32. Defendants have an implied or express license to the '073 Patent.

### PRAYER FOR RELIEF ON LUMEN'S COMPLAINT

WHEREFORE, Defendants pray for judgment against Lumen as follows:

a. That Lumen take nothing by way of the Complaint;

b. That Lumen's Complaint be dismissed with prejudice;

c. That the Court enter judgment against Lumen and in favor of Defendants in all respects;

d. For a determination in Defendants' favor that this is an exceptional case under 35 U.S.C. § 285, and an award of attorney's fees and costs to Defendants in this action;

e. An award to Defendants of their costs of suit; and

f. For such other and further relief as the Court deems just and equitable.

Dated: July 8, 2013

Respectfully submitted,

By: /s/ Joseph S. Leventhal

JOSEPH S. LEVENTHAL (*pro hac vice*)
THE LEVENTHAL LAW FIRM, APC
600 West Broadway, Suite 700
San Diego, CA 92101
Ph: (619) 356-3518
Fx: (619) 615-2082
jleventhal@leventhallaw.com