

September 19, 2013

The Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15B
New York, NY 10007-1312

Re:   *Lumen View Technologies LLC v. Adicio, Inc. et al*, Case No. 13cv3386

Dear Judge Cote:

This Court's Local Patent Rules are brand-new, adopted only five months ago, on April 8, 2013. Already, Plaintiff Lumen View Technology LLC ("Lumen") seeks strategic advantage in this litigation by failing to comply with them.[1] Local P.R. 6 requires that the Disclosure of Asserted Claims and Infringement Contentions "identify each product or process…that allegedly infringes each identified claim." On August 30, 2013, Lumen served Preliminary Infringement Contentions ("PICs") on Defendants[2] containing conclusory allegations that mimic the claim language and fail to adequately identify the accused services. In its PICs, Lumen provides no examples of the specific accused functionality or features.

Lumen's lack of compliance and failure to provide sufficient PICs is unsurprising. In the short life of this litigation, Lumen has already shown its hand—it did almost no investigation prior to bringing suit against Defendants and cannot articulate any basis for continuing to pursue it. Accordingly, Defendants request that the Court enforce Local P.R. 6 by striking Lumen's PICs or, in the alternative, compelling more detail.

## I.   Background

Lumen filed its Complaint on May 29, 2013, accusing Defendants of infringing U.S. Patent No. 8,069,073 (the "'073 Patent"). (Dkt. No. 1.) In the Complaint, Lumen accused "job matching services" utilizing Adicio software, offered on each Defendant's own website. (*Id.*) Lumen's conclusory allegations simply mirrored the language of the patent claims. (*Id.*)

Three months later, on August 30, 2013, Lumen served its PICs, which contain almost no additional detail than that offered in the Complaint and are almost identical. (*See* Lumen's PICs, attached hereto as Exs. 1-3.) Lumen's appendices and figures attached to the claim charts

---

[1] Defendants requested that Lumen meet and confer prior to filing this brief, as is required by the Court's rules. Despite Defendants' five separate requests for a date and time for Lumen to meet and confer, Lumen refused to cooperate, claiming that Defendants' stated purpose for the meet and confer was unclear, even refusing at one point to communicate with Defendants' attorney making the request.

[2] Defendants Adicio, Inc., Advance Magazine Publishers Inc., and Penton Media, Inc. file this letter brief. A similar brief is filed in related Case No. 13cv3599 as the PICs in that case suffer from the same deficiencies.



contain a copy of an Adicio sales document describing different features of Adicio's service, a single screenshot from Adicio's website with a written description of its "MatchCast" feature, and, for AMP and Penton, screenshots from their websites stating "Powered by Adicio" and a job search page. (*Id.*) None show any actual features or functionality of the websites. (*Id.*) In the meantime, on August 2, 2013, Lumen served broad, but boilerplate, discovery requests.

## II.  Legal Standard

A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed. R. Civ. P. 16(f). As other jurisdictions adopting Local Patent Rules have noted, Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819 (E.D. Tex. 2007). In particular, infringement contentions "create a specific trajectory for the case…when parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond." *Connectel LLC v. Cisco Systems Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005); *see also Bender v. Adv. Micro Devices, Inc.*, 2010 WL 363341, *1 (N.D. Cal. Feb. 1, 2010); *Alberta Telecomms. Research Ctr. v. Rambus, Inc.*, 2007 WL 4170564, at *1 (N.D. Cal. Nov. 19, 2007).

Other district courts have held that infringement contentions providing vague, conclusory language or simply "mimicking" the language of the claims fail to comply with their patent rules. *Connectel LLC*, 391 F. Supp. 2d 526. The identification of which products or services infringe cannot be "so amorphous or imprecise so as to force the opposing party to essentially 'guess which versions of its products' are allegedly infringing. *Bender*, 2010 WL 363341 (N.D. Cal. 2010) (citations omitted). Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with detail their infringement theories. *Id*.

## III.  Argument

Lumen's PICs are vague and conclusory and do not provide adequate notice of the accused services. The flaws in Lumen's PICs include:

- For some claim elements, Lumen's PICs point to Defendants' entire websites, but for others, Lumen identifies only the "MatchCast" feature as infringing. (*See* Exs. 1-3.)
- Lumen's contentions merely mimic the claim language. (*See id.* at Exs. A.)
- As "support" for its claim charts, Lumen provides copies of a sales brochure and a few screenshots. (*Id.*) Lumen didn't even bother to attempt an exemplary "job matching" transaction and append examples of it.

Lumen devotes nearly a page of its PICs to footnoted legal citations purportedly supporting its position that Lumen "is entitled" to broad discovery. (Exs. 1-3 at n.1, 2.) In order to provide discovery, however, Defendants must be able to determine what Lumen is accusing. Defendants can glean nothing from Lumen's PICs, other than the conclusion that Lumen appears to be mounting an extensive, baseless fishing expedition into Defendants' websites and operations.

In sum, Lumen's PICs do not meet the requirements of Patent L.R. 6. Accordingly, the Court should enforce it by striking the PICs, or, in the alternative, compelling Lumen to provide more specific PICs. Defendants further request that the Court stay discovery until Lumen has complied with Patent L.R. 6.



Sincerely,

Joseph S. Leventhal
Counsel for Defendants

Enclosures/Attachments